UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| BARRY R. SCHOTZ, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 13-1811 (BAH) |
| | ) | |
| CHARLES E. SAMUELS, JR., | ) | |
| | ) | |
| Defendant. | ) | |

**<u>MEMORANDUM OPINION</u>**

This lawsuit, brought *pro se* by a federal prisoner, arises from the Bureau of Prisons' (BOP) response to the plaintiff's request under the Freedom of Information Act (FOIA) for "documents within and outside his Inmate Central File." Compl., Ex. A (FOIA Request) at 1, ECF No. 1. Having released records to the plaintiff, the defendant moves to dismiss under Rule 12(b)(1) of the Federal Rules of Civil Procedure or for summary judgment under Rule 56. Def.'s Mot. to Dismiss, or in the Alternative, Mot. for Summ. J., ECF No. 13. The plaintiff has opposed the motion to the extent that BOP limited the search for responsive records to his central file. He also requests "sanctions" on the basis that defendant's disclosure of responsive records was "a direct consequence" of this litigation. Pl.'s Request for Sanctions and Opp'n to Def.'s Mot. to Dismiss, or in the Alternative, Mot. for Summ. J., ECF No. 15, at 2.

Since there is no genuine dispute regarding the defendant's treatment of the released records, and the defendant has demonstrated the adequacy of its search, the Court will grant

the defendant's motion for summary judgment. In addition, the Court will deny the plaintiff's motion for sanctions, construed also as a motion for costs.

I. BACKGROUND

In a prolix request BOP received in January 2012, the plaintiff sought records pertaining to his prison transfers. He requested generally "all . . . documents related to . . . non-voluntary nearer home transfer consideration, recommendation, and approval within and outside my Inmate Central File." Decl. of Beth Ochoa, ECF No. 13-3, Attach. 1 (FOIA Request at 2). The plaintiff stated: "Outside sources include, but are not limited to, any/all communications by and between FCC-Tucson Warden Apker, Camp Administrator S.K. Beauchamp, Unit Manager Debra Baker, Case Manager Arturo Moreno, Counselor Robert Wright, Theresa Talplacido, Institutional Legal Counsel, Western Region Staff, DSCC, etc." *Id*. BOP distilled from the plaintiff's narrative requests for: (1) a memorandum from FCC Tucson contained in plaintiff's central file regarding his ongoing legal activities, and (2) two categories of documents consisting of transfer records between October 2005 and October 2011, and housing records pertaining to the plaintiff's placement in the Special Housing Unit (SHU) between November 21, 2011 and December 1, 2011. Ochoa Decl. ¶ 4.

After searching the plaintiff's central file, BOP assessed a fee of $27.60 to cover the cost of copying 376 "pages responsive to your request for a copy of your central file." *Id*., Attach. 3. The plaintiff paid the fee on March 24, 2012, without revising the characterization of the request as seeking documents from his central file. *See id*., Att. 4. By letter dated March 27, 2012, BOP acknowledged receipt of the payment and informed the plaintiff that it had located 444 responsive pages and was releasing 366 pages completely and 10 pages with redactions.

BOP withheld 68 pages in their entirety, 50 of which were the plaintiff's Presentence Investigation Report (PSR), Statement of Reasons (SOR), and visitor information. BOP invoked FOIA exemptions 2, 7(C) and 7(F), *see* 5 U.S.C. § 552(b), as the bases for withholding that information. Ochoa Decl., Att. 5.

The plaintiff appealed to the Office of Information Policy (OIP), which, by letter dated September 19, 2012, affirmed BOP's withholdings under exemptions 7(C) and 7(F), and informed the plaintiff that he could not retain a copy of his PSR but could "access [the document] locally by asking a staff member [at his facility] for an opportunity to review it." OIP remanded the plaintiff's request to BOP "for further processing of certain responsive records" and a determination of whether "additional records are releasable[.]" *Id.*, Attach. 6. It informed the plaintiff that he "may appeal any future adverse determination made by BOP," that any inquiry about the status of the remand should be addressed "directly" to BOP, and that he could file a lawsuit if he was dissatisfied. *Id*.

The plaintiff alleges that he "communicated with BOP Western Regional Counsel" on October 26, 2012, December 10, 2012, and January 2, 2013, about the status of the remanded portion of his request, and informed counsel on April 25, 2013, about his intention to file a lawsuit "if compliance with the OIP['s] [remand] was not timely made" by May 25, 2013. Compl. at 2.

The plaintiff filed this action on November 19, 2013. Thereafter, BOP released additional pages by letters dated January 31, 2014, February 19, 2014, and March 5, 2014. Ochoa Decl. ¶ 11. In total, BOP provided the plaintiff with 396 pages, 26 of which contained redacted material; BOP withheld 48 pages completely. *Id*. ¶ 12 & Attach. 10 (*Vaughn* index).

## II.  LEGAL STANDARD

Federal courts are authorized under the FOIA "to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant."  5 U.S.C. § 552(a)(4)(B).  An improper withholding occurs when an agency withholds information that is not protected by nine exemptions set forth in the statute or fails to conduct an adequate search for responsive material.

" 'FOIA cases typically and appropriately are decided on motions for summary judgment.' "  *Georgacarakos v. FBI*, 908 F. Supp. 2d 176, 180 (D.D.C. 2012) (quoting *Defenders of Wildlife v. U.S. Border Patrol*, 623 F. Supp. 2d 83, 87 (D.D.C. 2009)).  "With respect to the applicability of exemptions and the adequacy of an agency's search efforts, summary judgment may be based solely on information provided in the agency's supporting declarations."  *Nat'l Sec. Counselors v. CIA*, 960 F. Supp. 2d 101, 133 (D.D.C. 2013) (citations omitted).  When an agency's response to a FOIA request is to withhold responsive records, either in whole or in part, the agency "bears the burden of proving the applicability of claimed exemptions." *Am. Civil Liberties Union v. U.S. Dep't of Def. ("ACLU/DOD ")*, 628 F.3d 612, 619 (D.C. Cir. 2011).  "The government may satisfy its burden of establishing its right to withhold information from the public by submitting appropriate declarations and, where necessary, an index of the information withheld."  *Am. Immigration Lawyers Ass'n v. U.S. Dep't of Homeland Sec.*, 852 F. Supp. 2d 66, 72 (D.D.C. 2012) (citing *Vaughn v. Rosen*, 484 F.2d 820, 827-28 (D.C. Cir. 1973)).  "If an agency's affidavit describes the justifications for withholding the information with specific detail, demonstrates that the information withheld logically falls within the claimed exemption," and "is not contradicted by contrary evidence in the record or by evidence of the

4

agency's bad faith, then summary judgment is warranted on the basis of the affidavit alone." *ACLU/DOD*, 628 F.3d at 619. "Ultimately, an agency's justification for invoking a FOIA exemption is sufficient if it appears 'logical' or 'plausible.' " *Id*. (internal quotation marks omitted) (quoting *Larson v. Dep't of State*, 565 F.3d 857, 862 (D.C. Cir. 2009)).

When a requester challenges an agency's response based on the adequacy of the search performed, "the defending 'agency must show beyond material doubt . . . that it has conducted a search reasonably calculated to uncover all relevant documents.' " *Morley v. CIA*, 508 F.3d 1108, 1114 (D.C. Cir. 2007) (quoting *Weisberg v. U.S. Dep't of Justice*, 705 F.2d 1344, 1351 (D.C. Cir. 1983)). "In order to obtain summary judgment the agency must show that it made a good faith effort to conduct a search for the requested records, using methods which can be reasonably expected to produce the information requested." *Oglesby v. U.S. Dep't of Army*, 920 F.2d 57, 68 (D.C. Cir. 1990). "Summary judgment may be based on affidavit, if the declaration sets forth sufficiently detailed information 'for a court to determine if the search was adequate.' " *Students Against Genocide v. Dep't of State*, 257 F.3d 828, 838 (D.C. Cir. 2001) (quoting *Nation Magazine v. U.S. Customs Serv.*, 71 F.3d 885, 890 (D.C. Cir. 1995)). Although "[t]here is no requirement that an agency search every record system[,] . . . the agency cannot limit its search to only one record system if there are others that are likely to turn up the information requested." *Oglesby*, 920 F.2d at 68. An agency must "explain in its affidavit that no other record system was likely to produce responsive documents." *Id*. Since an adequate search is established by the "appropriateness" of the search methods employed, not the "fruits of the search," the sole fact that documents were not located cannot support a finding of an inadequate search. *Scaff-Martinez v. Drug Enforcement Admin.*, 770 F. Supp. 2d 17, 21-22

5

(D.D.C. 2011) (quoting *Iturralde v. Comptroller of Currency*, 315 F.3d 311, 315 (D.C. Cir. 2003); *Boyd v. Criminal Div. of U.S. Dept. of Justice*, 475 F.3d 381, 390-91 (D.C. Cir. 2007)).

In ruling generally on a motion for summary judgment, the Court must draw all justifiable inferences in favor of the nonmoving party and shall accept the nonmoving party's evidence as true. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). The Court is only required to consider the materials explicitly cited by the parties, but may on its own accord consider "other materials in the record." Fed. R. Civ. P. 56(c)(3). For a factual dispute to be "genuine," the nonmoving party must establish more than "[t]he mere existence of a scintilla of evidence in support of [its] position," *Liberty Lobby*, 477 U.S. at 252, and cannot rely on "mere allegations" or conclusory statements, *see Veitch v. England*, 471 F.3d 124, 134 (D.C. Cir. 2006); *Greene v. Dalton*, 164 F.3d 671, 675 (D.C. Cir. 1999); *Harding v. Gray*, 9 F.3d 150, 154 (D.C. Cir. 1993); *accord* Fed.R.Civ.P. 56(e). Rather, the nonmoving party must present specific facts that would enable a reasonable jury to find in its favor. *See, e.g.*, Fed. R. Civ. P. 56(c)(1). "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Liberty Lobby*, 477 U.S. at 249-50 (citations omitted).

### III. DISCUSSION

#### A. Subject Matter Jurisdiction

As an initial matter, the defendant argues that the complaint should be dismissed for want of subject matter jurisdiction because the plaintiff has named the BOP Director as the defendant instead of the agency. Def.'s Mem. of P. & A. at 8-9. While it is true that the FOIA authorizes a cause of action against federal agencies only, *Martinez v. Bureau of Prisons*, 444 F.3d 620, 625 (D.C. Cir. 2006), "pleadings [in general] must be construed so as to do justice,"

6

Fed. R. Civ. P. 8(e), and *pro se* filings in particular must be construed liberally. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Richardson v. U.S.*, 193 F.3d 545, 548 (D.C. Cir. 1999). In addition, "[t]he court may not dismiss an action for failure to prosecute in the name of the real party in interest until, after an objection, a reasonable time has been allowed for the real party in interest to . . . be substituted into the action." Fed. R. Civ. P. 17(a)(3).

The Court hereby substitutes the Department of Justice, of which BOP is a component, as the real party in interest and dismisses the complaint against BOP Director Samuels under Rule 12(b)(6) for failure to state a claim upon which relief can be granted. Consequently, the defendant's motion to dismiss under Rule 12(b)(1) is denied.

**B. The Defendant's Withholdings**

The plaintiff contends that summary judgment is unwarranted because "the ONLY time [BOP's disclosure] obligation may have been met was AFTER one year of requests from Plaintiff and this required instant litigation." Pl.'s Opp'n at 4 (emphasis in original). Nevertheless, "however fitful or delayed the release of information under the FOIA may be, once all requested records are surrendered, federal courts have no further statutory function to perform." *Perry v. Block*, 684 F.2d 121, 125 (D.C. Cir. 1982); *see Boyd v. Criminal Div. of U.S. Dept. of Justice*, 475 F.3d 381, 388 (D.C. Cir. 2007) ("[B]ecause the report was located in the work file and subsequently disclosed, the issue is moot for purposes of this FOIA action.") (citing *Perry*); *Ctr. for Auto Safety v. EPA*, 731 F.2d 16, 19 (D.C. Cir. 1984) ("[O]nce the records are produced in a FOIA case the substance of the controversy disappears and becomes moot since the disclosure the suit seeks has already been made." ) (alterations, internal quotation marks and citations omitted.). Furthermore, the plaintiff has not questioned the bases of

7

BOP's redactions, which the Court finds properly justified under FOIA exemptions 7(C) and 7(F). *See* Ochoa Decl. ¶ 13-18 & Att. 10 (*Vaughn* index).

The Court must determine on its own, however, whether BOP has adequately justified withholding 48 pages of responsive records in their entirety. *See Trans-Pacific Policing Agreement v. United States Customs Service*, 177 F.3d 1022, 1027-28 (D.C. Cir. 1999) (requiring the court to make a so-called segregability finding whether raised by the parties or not). An agency may properly withhold entire records when the "'exempt and nonexempt information are 'inextricably intertwined,' such that the excision of exempt information would . . . produce an edited document with little informational value.' " *Mays v. DEA*, 234 F.3d 1324, 1327 (D.C. Cir. 2000) (*quoting Neufeld v. IRS*, 646 F.2d 661, 666 (D.C. Cir. 1981)).

The defendant's declarant avers that "[a]ll reasonably segregable material located in Plaintiff's Central File has been produced." Ochoa Decl. ¶ 19. The declarant refers to the *Vaughn* index, which sets out the reasons why four pages were withheld in full under exemptions 7(C) and 7(F), *see Vaughn* index (Docs. 2(h) and 5(b)), and why 44 pages comprising the plaintiff's PSR and SOR (Doc. 1) were withheld. For safety reasons, the plaintiff could not retain his PSR and SOR but could access those documents by reviewing them in accordance with BOP policy. *See id.*, Doc. 1 (quoting Prog. Statement 1351.05) (citing *U.S. Dep't of Justice v. Julian*, 486 U.S. 1 (1988)). Hence, to the extent that the PSR and SOR are documents even responsive to the plaintiff's request, the Court finds that no improper withholding has occurred with regard to those documents. *See Martinez v. Bureau of Prisons*, 444 F.3d 620, 625 (D.C. Cir. 2006) ("FOIA does not entitle [requester] to have copies of his PSRs" as long as he is "afforded a meaningful opportunity to review his PSR and to take notes on them. . . . Moreover, the BOP

8

Program Statement 1351.05 p.15 . . . sets forth reasons, based on concerns about inmate safety . . . that a court would be loath to second-guess.") (citations omitted).

The Court further finds that BOP properly justified withholding a one-page injury assessment of a third-party inmate involved in a physical altercation with plaintiff (Doc. 2(h)) under exemptions 7(C) and 7(F), and three pages of National Crime Information Center Printouts containing third-party visitor information (Doc. 5(b)) under exemption 7(C).[1] "As a result of [e]xemption 7(C), FOIA ordinarily does not require disclosure of law enforcement documents (or portions thereof) that contain private information." *Blackwell v. FBI*, 646 F.3d 37, 41 (D.C. Cir. 2011) (citing cases). Moreover, exemption 7(F) "affords broad protection to the identities of individuals mentioned in law enforcement files . . ., including any individual reasonably at risk of harm." *Quinto v. U.S. Dep't of Justice*, 711 F. Supp. 2d 1, 8 (D.D.C. 2010) (citations and internal quotation marks omitted).

Because the plaintiff has completely failed to come forward with any evidence to rebut the defendant's properly supported justifications for withholding information, the Court will grant summary judgment to the defendant on this aspect of the complaint.

### C. The Defendant's Search

Upon receiving the plaintiff's FOIA request, BOP's Central Office forwarded it to the Western Regional Office for processing since the plaintiff was incarcerated at the Federal Correctional Institution in Safford, Arizona. Ochoa Decl. ¶ 5. The regional office requested a

---

[1] FOIA exemption 7 protects from disclosure records or information compiled for law enforcement purposes to the extent that production could result in certain listed harms. Exemption 7(C) exempts from disclosure such information that "could reasonably be expected to constitute an unwarranted invasion of personal privacy." 5 U.S.C. § 552(b)(7)(C). Exemption 7(F) exempts from disclosure such information that "could reasonably be expected to endanger the life or physical safety of any individual." *Id.*, § 552(b)(7)(F).

complete copy of the plaintiff's central file from FCI Safford and, following a search, produced responsive records. *Id*.

The plaintiff contends that his request "clearly and unambiguously identifies various sources other than [his] Inmate Central" file and, thus, questions the reasonableness of the defendant's interpretation of his request as seeking documents only from his central file. *See* Pl.'s Opp'n at 5, n.5A. The plaintiff states that he had identified the following other sources: the Designation Sentence and Computation Center located in Grand Prairie, Texas; Special Investigative Services at the Federal Correctional Complex in Tucson, Arizona; and BOP's Central Office. *See* Pl.'s Statement of Material Facts Not in Genuine Dispute ¶ 1. He has not cited, however, where in the FOIA request--which is neither clear nor unambiguous--the list of sources appears. In the request, the plaintiff states that "[o]utside sources include . . . *any/all communications* by and between FCC-Tucson Warden Apker, Camp Administrator S.K. Beauchamp, Unit Manager Debra Baker, Case Manager Arturo Moreno, Counselor Robert Wright, Theresa Talplacido, Institutional Legal Counsel, Western Region Staff, DSCC, etc.." FOIA Req. at 2 (emphasis supplied). This description is puzzling because any communications among what appears to be BOP employees could not possibly constitute "outside sources."

Regardless, the defendant's declarant has reasonably explained that a search of the plaintiff's central file was likely "to locate and provide all [responsive] documents" because it is the location where the requested documents are routinely maintained. Ochoa Decl. ¶ 6. According to the declarant, the "[d]ocumentation of transfers and transfer requests is maintained in Section Two of the Central File," which staff members consult when considering and effectuating an inmate's transfer; records pertaining to the special housing unit are

maintained in Section Four of the Central File; and "the Copouts [inmate requests to staff members] . . .are maintained in Section Six of the Central File." *Id*.

The plaintiff's "other sources" assertion is not supported by facts establishing the existence of a "record system [beyond that of his central file] that [is] likely to turn up the information requested." *Oglesby*, 920 F.2d at 68. Indeed, "[a]n Inmate Central File contains, among other things, an inmate's . . . custody classification form, and his security designation form. . . . Custody classification is the review process to assign a custody level based on an inmate's criminal history, instant offense, and institutional adjustment." *Jennings v. Fed. Bureau of Prisons*, 657 F. Supp. 2d 65, 67 (D.D.C. 2009) (citing BOP Program Statements 5800.11, 5100.08) (other citations, internal quotation marks, and alteration omitted). Furthermore, the plaintiff has not identified any documents he believes exist (and where) that were not produced. *See Iturralde*, 315 F.3d at 315-16 (examining "certain circumstances [when] a court may place significant weight on the fact that a records search failed to turn up a particular document in analyzing the adequacy of a records search"); *Valencia-Lucena v. U.S. Coast Guard*, 180 F.3d 321, 327 (D.C. Cir. 1999) (finding genuine issue presented by the agency's "failure to search the center it had identified as a likely place where the requested documents might be located[.]")

The plaintiff has proffered no evidence to call into question the adequacy of the defendant's search for responsive records. Therefore, the Court will grant summary judgment to the defendant on this aspect of the complaint as well.

**D. The Plaintiff's Motion for Sanctions**

Courts have the inherent power to impose sanctions "to achieve the orderly and expeditious disposition of cases." *Chambers v. NASCO, Inc*., 501 U.S. 32, 43 (1991) (internal quotation marks omitted). "While other sanctioning mechanisms exist, such as Fed. R. Civ. P. 11 and 28 U.S.C. § 1927, their availability does not preclude the court from exercising its inherent power." *Priority One Servs., Inc. v. W & T Travel Servs., LLC*, 987 F. Supp. 2d 1, 4 (D.D.C. 2013) (citations and footnotes omitted). "Egregious misconduct may warrant the extreme sanction of total dismissal, but for lesser wrongdoing a court may assess attorney's fees and costs." *Id*. (citations omitted). "To impose monetary sanctions against a party under its inherent power," a court must find that the moving party has shown by "clear and convincing evidence" that the opposing party has "acted in bad faith, vexatiously, wantonly, or for oppressive reasons." *Id*. (citations and internal quotation marks omitted). "[N]egligent, even sloppy, performance" will not suffice. *Id*. at 4-5 (quoting *United States v. Wallace*, 964 F. 2d 1214, 1219 (D.C. Cir. 1992)) (internal quotation marks omitted).

Whether the plaintiff is requesting a favorable judgment, litigation costs or both as sanctions is unclear, but the Court finds that he is entitled to neither. In support of his request for sanctions, the plaintiff contends that the defendant does not dispute (1) that it "sat silent" when he requested a status on OIP's remand of his request to the agency for a further search, (2) "that compliance to produce these records are . . . required [under the FOIA]," and (3) that "on three occasions [while processing the request] the source of compliance failed to reasonably comply with the otherwise detailed request, and other documents appeared to be responsive." Pl.'s Opp'n at 6. In addition, the plaintiff seems to contend that the defendant

12

was required to provide a *Vaughn* index during the administrative process. *See* Pl.'s Reply to Defs.' Opp'n to Pl.'s Mot. for Sanctions, ECF No. 19, at 1. This is incorrect. A *Vaughn* index, created by judicial fiat (not the FOIA), is a suggested mechanism to assure "adequate adversary testing" of the government's claimed exemptions and to assist the court in assessing the government's position during litigation. *Vaughn*, 484 F.2d at 828. During the administrative process, "[a]n agency is not required to produce a Vaughn index—which district courts typically rely on in adjudicating summary judgment motions in FOIA cases." *Citizens for Responsibility & Ethics in Washington v. Fed. Election Comm'n*, 711 F.3d 180, 187, n.5 (D.C. Cir. 2013) (quoting *Schwarz v. U.S. Dep't of Treasury*, 131 F. Supp. 2d 142, 147 (D.D.C. 2000) *aff'd*, No. 00-5453, 2001 WL 674636 (D.C. Cir. May 10, 2001) (other citations omitted); *see also Judicial Watch, Inc. v. Clinton*, 880 F. Supp. 1, 11 (D.D.C. 1995) *aff'd*, 76 F.3d 1232 (D.C. Cir. 1996) ("Agencies need not provide a Vaughn Index until ordered by a court after the plaintiff has exhausted the administrative process"); *Brown v. U.S. Dep't of Justice*, 734 F. Supp. 2d 99, 104 (D.D.C. 2010) ("There is no requirement in [FOIA] that documents released by an agency in response to a . . . request be bates-stamped or otherwise numbered") (quoting 5 U.S.C. § 552 (a)(3)(A)).

The record shows that BOP processed and released the majority of responsive documents in March 2012--three months after its receipt of the request. Although additional records were released during the course of litigation, the plaintiff has pointed to nothing in the record to support a finding that the defendant has acted in bad faith or for oppressive reasons. To the contrary, OIP remanded the FOIA request for additional processing. The fact that the agency did not respond to the plaintiff's status requests prior to this lawsuit is immaterial to the

issue at hand. The foregoing reasoning applies equally to the extent that the plaintiff is seeking sanctions directly under the FOIA, *see* 5 U.S.C. § 552(a)(4)(F).

### E. The Plaintiff's Motion for Costs

In a *pro se* action, the FOIA permits a district court to "assess against the United States . . . litigation costs reasonably incurred in any case . . . in which the [*pro se* plaintiff] has substantially prevailed." 5 U.S.C. § 552(a)(4)(E)(i). A party substantially prevails if he "has obtained relief through either . . . a judicial order . . . or . . . a voluntary or unilateral change in position by the agency, if the complainant's claim is not insubstantial." 5 U.S.C. § 552(a)(4)(E)(ii).

In exercising its discretion to award costs, a court considers: "(1) the public benefit derived from the case; (2) the commercial benefit to the plaintiff; (3) the nature of the plaintiff's interest in the records; and (4) the reasonableness of the agency's withholding of the requested documents." *Davy v. CIA*, 550 F.3d 1155, 1159 (D.C. Cir. 2008) (citations omitted). "[A]lthough the Circuit has instructed that no particular factor should be given disproportionate weight, in some circumstances the final factor may be dispositive. Specifically, the D.C. Circuit has made clear that '[ i] f the Government's position is correct as a matter of law, that will be dispositive. If the Government's position is founded on a colorable basis in law, that will be weighed along with other relevant considerations in the entitlement calculus.' " *Dorsen v. United States Sec. & Exch. Comm'n*, No. 13-0288, 2014 WL 576100, at *5 (D.D.C. Feb. 14, 2014) (quoting *Davy*, 550 F.3d at 1162) (other citations omitted). Since the plaintiff has not contested the defendant's claimed exemptions and the Court has found them properly supported, any request for litigation costs is denied.

## IV. CONCLUSION

For the foregoing reasons, the defendant's motion for summary judgment is granted and the plaintiff's motion for sanctions is denied. A separate Order accompanies this Memorandum Opinion.

/s/ *Beryl A. Howell*
UNITED STATES DISTRICT JUDGE

DATE: October 30, 2014